| | |
|---|---|
| DARRELL HUBBARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF GOLDSBORO; WAYNE )<br>COUNTY; DETECTIVE ALVINO )<br>DANIELS, in his individual and official )<br>capacities; OFFICER BRAD E. GOODING, )<br>in his individual and official capacities; )<br>MARCUS SMITH, ANDREW )<br>NICHOLSON, and LARRY GRAY, JR., )<br>)<br>Defendants. ) | ORDER |

This cause comes before the Court on multiple pending motions, including two motions to dismiss and two motions to amend the complaint. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for disposition.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint alleging twenty causes of action against defendants for violations of both state and federal law. His claims arise from an alleged assault he suffered while playing pool at Pier 34, a restaurant and bar in Goldsboro, North Carolina. Plaintiff alleges that defendants, who include the City of Goldsboro, Wayne County, two police officers, and three private citizens, engaged the fabrication of evidence, police and

prosecutorial misconduct, conspired to deprive plaintiff of his constitutional rights, and otherwise violated state law by intentionally inflicting emotional distress.[1]

This is the second case in this district in which plaintiff has alleged claims arising from his assault at Pier 34. The first, *Hubbard v. Goldsboro Police Dep't*, No. 5:24-cv-267-FL, 2024 WL 3899362 (E.D.N.C. Aug. 22, 2024) (*Hubbard I*), was dismissed under 28 U.S.C. § 1915(e)(2)(B) on recommendation of the magistrate judge. *See Hubbard v. Goldsboro Police Dep't*, No. 5:24-CV-267-FL, 2024 WL 4179158, at *1 (E.D.N.C. June 24, 2024). The *Hubbard I* decision was affirmed on appeal. *Hubbard v. Goldsboro Police Dep't*, No. 24-6869, 2025 WL 314809, at *1 (4th Cir. Jan. 28, 2025). In *Hubbard I*, plaintiff named, among others, the Goldsboro Police Department, the Wayne County Prosecutor's Office, Marcus Smith, Andrew Nicholson, and Larry Gray, Jr. as defendants.

In the instant complaint, [DE 1], plaintiff alleges that defendant Marcus Smith is the owner of Pier 34 and that Pier 34 employs off duty police officers for security. Smith allegedly developed growing resentment toward plaintiff after repeatedly losing to plaintiff while playing pool. Plaintiff alleges that Smith's personal connection to Pier 34 and local law enforcement are critical to understanding the events which led to plaintiff's assault.

Defendant Andrew Nicholson was a bartender at Pier 34. Plaintiff alleges that, on the night of the attack, Nicolson engaged him in conversation immediately before plaintiff was struck from behind, which caused plaintiff to lose consciousness. Nicolson was later identified as a suspect in plaintiff's assault and allegedly confessed to being involved. Defendant Larry Gray, Jr. is an associate of Smith and was present the night that plaintiff was assaulted.

---

[1] Plaintiff's complaint also lists "Relevant Third Parties." *See* [DE 1] at 2-3. No summonses were issued for these parties, and the Court does not construe them as defendants in this action. Plaintiff's filings further support that the "Relevant Third Parties" are not defendants. *See* [DE 31] at 3.

2

After the attack, plaintiff alleges that Smith distorted material facts and evidence to minimize his liability and obstructed justice by falsely claiming that plaintiff's injuries were minor and no weapon was involved, that the Goldsboro Police Department failed to properly investigate and fabricated reports, and that Gray's relationship with Smith and his involvement in shaping the narrative of the incident warrant additional scrutiny. *See* [DE 1] at 3-5.

Plaintiff alleges, in claims brought under 42 U.S.C. § 1983, that his Fourteenth Amendment due process and equal protection rights were violated when: Smith, the Goldsboro Police Department (GPD), and the Wayne County Prosecutor's Office fabricated and concealed material evidence in an incriminating 911 call (Count 1); Detective Daniels, the GPD, and the Wayne County Prosecutor's Office coerced plaintiff into altering his witness statement in order to undermine plaintiff's credibility (Count 2); Detective Daniels, the GPD, and the Wayne County Prosecutor's Office were grossly negligent in misclassifying plaintiff's injuries in order to obstruct justice (Count 3); Detective Daniels and the GPD failed to seize and examine the weapon used in plaintiff's assault (Count 4); Detective Daniels and the GPD failed to properly investigate and secure video surveillance footage critical to the investigation (Count 5); Detective Daniels, the GPD, and the Wayne County Prosecutor's Office refused to corroborate Gray's disputed eyewitness testimony using cellphone location records (Count 6); Detective Daniels, the GPD, and the Wayne County Prosecutor's Officer failed to pursue derivative responsibility against all involved in the attempted murder of plaintiff (Count 7); the GPD failed to investigate credible claims of false imprisonment and life threatening intimidation by Smith (Count 8); the GPD and Officer Gooding failed to preserve and secure evidence, disregarded forensic procedures, and otherwise conducted a grossly negligent investigation (Count 9); Detective Daniels and the GPD conducted a grossly deficient investigation (Count 10); the GPD and Eric Goins obstructed justice

3

by providing false information about the status of plaintiff's assault case (Count 11); the GPD and Michelle Warren obstructed justice by failing to investigate new evidence and Warren abused her authority and was complicit in misconduct (Count 12); the GPD and Mike West obstructed justice by engaging in a deceptive internal affairs investigation, withholding critical records, and concealing officer misconduct (Count 13); the Wayne County Prosecutor's Office engaged in biased decision making, neglected evidence, was improperly influenced, and made arbitrary charging decisions (Count 14); the Wayne County Prosecutor's Office and Assistant District Attorney Andrew Tamer disregarded plaintiff's civil rights and demonstrated bias by neglecting evidence and succumbing to improper influences (Count 15); and Smith, through his interactions with GPD, acted in concert with the GPD to obstruct justice, fabricate evidence, and suppress evidence (Count 16). Plaintiff further alleges that 42 U.S.C. § 1985(3) was violated when: defendant Nicholson acted individually and in concert with others to violate plaintiff's civil rights and obstruct justice (Count 17); defendant Gray, in conspiracy with Smith and Nicholson, engaged in a scheme to interfere with plaintiff's civil rights by fabricating evidence, obstructing justice, and depriving plaintiff of fair legal process (Count 18); and Smith conspired with others to interfere with plaintiff's civil rights by making false statements, orchestrating a premeditated assault, and destroying or concealing evidence (Count 19). Finally, plaintiff alleges that the conduct of all defendants amounted to the intentional infliction of emotional distress under North Carolina law (Count 20).

## DISCUSSION

A. *Plaintiff's motion for declaratory judgment* [DE 13]

The Court considers first plaintiff's motion for declaratory judgment on a uniform immunity determination framework for law enforcement officials. Plaintiff seeks clarification of

4

the applicability of absolute and qualified immunity to ensure consistency in the application of the immunity doctrines and promote judicial economy by resolving immunity at an early stage. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201.

A district court may, "upon the filing of an appropriate pleading, [] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, "'a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment.'" *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (citation omitted). Moreover, the applicability of the doctrines of absolute and qualified immunity to this case are not appropriate for declaratory judgment. Plaintiff's motion for declaratory judgment [DE 13] is denied.

B. *Motion to dismiss by City of Goldsboro, Daniels, and Gooding* [DE 19]

Defendants the City of Goldsboro, Detective Daniels, and Officer Gooding (the City Defendants) have moved to dismiss plaintiff's complaint for improper service and failure to state a claim pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that

5

service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant", *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

The City Defendants first challenge plaintiff's service, arguing that plaintiff improperly served the City Defendants by serving them himself and by serving Daniels and Gooding through an individual not authorized to accept service on their behalf. *See* Fed. R. Civ. P. 4(c)(2); 4(e). In response, plaintiff argues, among other things, that he should be afforded additional time within which to effect proper service. [DE 34] at 5; *see also* [DE 39-1]. However, because, as is discussed

6

more fully below, plaintiff's claims against the City Defendants are barred by the doctrine of res judicata and otherwise fail to state a claim, affording plaintiff additional time to effect proper service would be futile.

"Res judicata, or claim preclusion, bars the relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). The Court applies federal preclusion law because the prior suit, *Hubbard I*, was decided by this Court and this Court's jurisdiction rested on federal question grounds. *See Foye v. Lassiter*, No. 7:24-CV-709-FL, 2025 U.S. Dist. LEXIS 1274, at *6 (E.D.N.C. Jan. 3, 2025).

"For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004). A defendant may raise the res judicata defense in a Rule 12(b)(6) motion, and "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact[.]" *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Here, each element of the res judicata defense is satisfied, in particular as to defendants Daniels and Gooding. First, *Hubbard I* represents a final decision on the merits, as plaintiff's complaint was dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal of *in forma pauperis* complaint which fails to state a claim upon which relief can be granted); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (dismissal for failure to state claim is judgment on the merits). The *Hubbard I* court further denied leave to amend, finding that plaintiff failed to state a claim in his proposed amended complaint. *Hubbard I*, 2024

7

WL 3899362, at *2. Finally, the court of appeals affirmed the *Hubbard I* decision. *Hubbard I*, 2025 WL 314809, at *1. That the dismissal occurred under § 1915 following the grant of leave to proceed *in forma pauperis* is of no moment. *See Corbin v. Johnson*, No. 5:11-CV-456-FL, 2012 U.S. Dist. LEXIS 112126, at *13-16 (E.D.N.C. Feb. 24, 2012) (collecting cases).

The claims in *Hubbard I* and this case, *Hubbard II*, are essentially identical, and the claims raised in the proposed amended complaint in *Hubbard I* and the claims in this case are also essentially identical. *Compare Hubbard I*, [DE 6] *with Hubbard II*, [DE 1]. Both complaints allege § 1983, § 1985, and intentional infliction of emotional distress claims arising from plaintiff's assault at Pier 34, the investigation thereof, and the prosecutorial decisions arising from the investigation.

> The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment. Newly articulated claims based on the same transactional nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (cleaned up, citations omitted). There is no doubt that the claims raised in *Hubbard II* arise from the same transaction or series of transactions as those in *Hubbard I*, and that any claims brought in *Hubbard II* could have been raised in *Hubbard I. See Pueschel*, 369 F.3d at 356. Thus, despite plaintiff's argument that the complaint in *Hubbard II* is based on new legal theories, his claims are nonetheless identical for purposes of the res judicata analysis.

Finally, there is identity of parties as to plaintiff and defendants Daniels and Gooding, as in both cases they were sued in both their official and individual capacities. The City Defendants argue further that the City of Goldsboro, a defendant in this suit, is in privity with the Goldsboro

8

Police Department, a defendant in *Hubbard I* but not in *Hubbard II*. However, the Court need not decide that issue as plaintiff has failed to otherwise state a claim against the City of Goldsboro.

Assuming then, without deciding, that res judicata does not bar plaintiff's claims against the City of Goldsboro, the Court holds that plaintiff's federal claims against this defendant are conclusory and fail to state a claim. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-94 (1978), a local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. Municipal liability only results "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id.* at 694. Municipal liability is not available under the theory of respondeat superior. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984).

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest [s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

In this case, plaintiff has failed to allege the existence of any written policy or regulation which would have authorized the alleged unconstitutional conduct by any other defendant or any decision by a final policymaker which resulted in the violation of his constitutional rights. Nor does plaintiff plausibly allege any failure to train by the City of Goldsboro which manifested in the deliberate indifference to plaintiff's or any other citizen's rights. Finally, plaintiff has not plausibly alleged any persistent or widespread pattern or practice. In opposition to the motion to dismiss, plaintiff argues there was a systemic failure to train police officers in handling victim-witness statements, a de facto policy of ignoring or covering up officer misconduct, and a refusal

9

by the City to reform its practices or discipline or investigate its officers. But these conclusory statements fail to identify factual allegations in the complaint which would support a claim for municipal liability under *Monell*. Moreover, to establish liability based on a pattern or practice, a plaintiff must allege more than "sporadic or isolated violations of rights[.]" *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 403 (4th Cir. 2014). Plaintiff has simply failed to plausibly allege any of the City of Goldsboro's own acts which could support a finding of liability under *Monell*. The federal claims against the City Defendants are therefore properly dismissed.

C. *Motion to dismiss by Wayne County* [DE 23]

Defendant Wayne County seeks also seeks dismissal under Rule 12(b)(6). Wayne County argues that plaintiff, who seeks to hold Wayne County liable for the acts of the Wayne County Prosecutor's Office, has failed to state a claim against it because a North Carolina district attorney is an independent state officer, not a county employee. The Court agrees.

Under North Carolina law, an elected district attorney has sole prosecutorial authority within the judicial district that elected him or her to the office of district attorney. N.C. Const., Art. IV, § 18(1); *State v. Wilson*, 139 N.C. App. 544, 550 (2000). "The district attorney prosecutes 'in the name of the State all criminal actions and infractions requiring prosecution' and is undoubtedly a state official." *Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006). As a state official, the district attorney is not an employee of the county, and Wayne County cannot be held liable for any acts by the district attorney or assistant district attorneys. *See also Uresti v. Murray,* No. 3:11-CV-538-RJC, 2012 WL 80235, at *3 (W.D.N.C. Jan. 11, 2012) (assistant district attorney is a state employee).

In opposition to the motion to dismiss, plaintiff argues that Wayne County incorrectly frames his allegations as seeking to hold the County liable for prosecutorial misconduct and that

10

plaintiff is asserting a *Monell* claim directly against Wayne County for failure to supervise, investigate, or train persons within its criminal justice infrastructure.

First, plaintiff's arguments in his opposition are not supported by the allegations in his complaint. For example, plaintiff alleges that "The City of Goldsboro and Wayne County, through their agencies the GPD and [the Wayne County Prosecutors Office], failed to train, supervise, and discipline personnel responsible for upholding constitutional protections, resulting in a pattern of misconduct." [DE 1] at 10. Plaintiff thus wrongly asserts that the prosecutor's office is an agency of Wayne County and that Wayne County is responsible for training and supervising prosecutors. Moreover, even construing plaintiff's claims liberally as being alleged against Wayne County itself, plaintiff's claims fail because Wayne County has no authority to train, supervise, or discipline state prosectors. Additionally, plaintiff's allegations regarding the failure to train, supervise, and discipline are otherwise conclusory. Plaintiff alleges that Wayne County "tolerated a practice where prosecutors ignored exculpatory evidence" and failed to supervise the Wayne County Prosecutor's Office. Plaintiff has alleged no facts, however, which would support a claim against Wayne County under *Monell*. The federal claims against Wayne County are therefore properly dismissed.

D. *Defendants Smith, Nicholson, and Gray*

Defendants Smith and Gray have failed to answer the complaint, *see* [DE 26]; [DE 29], and it does not appear from the record that defendant Nicholson has been served. These defendants are named in Count 1 (a § 1983 claim against Smith), Count 16 (a § 1983 claim against Smith), Count 17 (a § 1985 claim against Nicholson, conspiring with Smith and Gray); Count 18 (a § 1985 claim against Gray, conspiring with Smith and Nicholson), and Count 19 (a § 1985 claim against Smith, conspiring with Gray and Nicholson), and Count 20 (an intentional infliction of emotional

11

distress against all defendants). Though they have failed to appear or answer, under certain circumstances, a court may consider the affirmative defense of res judicata *sua sponte*. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). One of those circumstances is where "a court is on notice that it has previously decided the issue presented[.]" *Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotation and citation omitted). This serves both the interests of the defendants in not having to twice defend against a suit but also the "avoidance of unnecessary judicial waste." *Id.* Accordingly, the Court may consider whether res judicata bars plaintiff's federal claims against Smith, Nicholson, and Gray, and it concludes that its does.

As discussed above, there is a final judgment on the merits in *Hubbard I*. This case further meets the "same cause of action" requirement because it again arises out of plaintiff's assault at Pier 34 and the ensuing investigation and prosecution. Finally, Smith, Nicholson, and Gray, are all named in both *Hubbard I* and this case. While this case expounds on the § 1985 civil conspiracy claims to include claims against Smith, Nicholson, and Gray specifically, such claims could have been raised in *Hubbard I*. Accordingly res judicata bars plaintiff's federal claims against these defendants, and they are properly dismissed.

E. *State law claim*

The Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claim for intentional infliction of emotional distress in the absence of any claim over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(c).

F. *Motion for leave to file sur-reply* [DE 39]

Plaintiff seeks leave to file a sur-reply in opposition to the City Defendants' motion to dismiss. Primarily, plaintiff's sur-reply provides new arguments related to his service on these

12

defendants. [DE 39-1]. The Court, in its discretion, allows the motion for leave to file a sur-reply [DE 39] and it has considered plaintiff's arguments raised therein.

G. *Motions for leave to file amended complaints* [DE 41]; [DE 42]

Plaintiff seeks leave to amend his complaint, first to add claims against the North Carolina Conference of District Attorneys and Lisa Coltrain in her individual capacity as an assistant district attorney based on subsequent developments. Plaintiff seeks to allege, for example, that Coltrain willfully ignored his constitutional rights as a crime victim, denied plaintiff a fair investigation, and willfully furthered and sustained an unconstitutional investigation and prosecution. Plaintiff further seeks an injunction against the North Carolina Conference of District Attorneys (NCCDA) requiring it to refer his case to the North Carolina State Bureau of Investigation for review.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) should be freely given when justice so requires. *See Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). "An amendment is futile when the proposed amended complaint does not state a claim under Fed.R.Civ.P. 12(b)(6)." *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018).

Plaintiff's motion to amend his complaint to add claims against Coltrain and the NCCDA is denied as futile. As was addressed at length in *Hubbard I*, plaintiff, as a crime victim, has "no constitutional right to, or in fact any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person." *Derrick v. Thomas*, No. CV 9:20-3816-MGL-MHC, 2021 WL 10428230, at *3 (D.S.C. Apr. 12, 2021), *report and recommendation adopted,* No. CV 9:20-3816-

13

MGL-MHC, 2023 WL 3061289 (D.S.C. Apr. 24, 2023); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Graves v. Haywood*, No. 5:19-CT-3043-FL, 2022 WL 945598, at *4 (E.D.N.C. Mar. 29, 2022) (crime victim "does not have a constitutional right to a thorough or complete investigation of her allegations"). Accordingly, granting leave to amend the complaint to add Coltrain and the NCCDA as defendants would be futile.

Plaintiff also seeks to amend his complaint to add state tort claims pursuant to 28 U.S.C. § 1367(a) and for severance of the state personal injury claims under Fed. R. Civ. P. 42(b). Plaintiff would add defendants Larry Barksdale, Gabriel Smith, and Micah Smith as defendants. Because the Court has found that dismissal of all federal claims is appropriate, and that leave to amend to add additional federal claims is futile, it declines to permit an amendment solely to allege state law claims, over which the Court would decline to exercise supplemental jurisdiction.

Both motions to amend the complaint [DE 41]; [DE 42] are therefore denied.

H. *Request for procedural clarification* [DE 32]

In light of the foregoing, plaintiff's request for procedural clarification regarding wet signatures [DE 32] is denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion to dismiss by the City of Goldsboro, Daniels, and Gooding [DE 19] and the motion to dismiss by Wayne County [DE 23] are GRANTED. The federal claims against all defendants are DISMISSED for failure to state a claim. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claim.

Plaintiff's motion for declaratory judgment on a uniform determination framework [DE 13] is DENIED, plaintiff's motion for leave to file a sur-reply [DE 39] is GRANTED, and

14

plaintiff's motions for leave to file amended complaints [DE 41] & [DE 42] are DENIED. Plaintiff's motion for procedural clarification [DE 32] is DENIED as MOOT.

The clerk is DIRECTED to close this case.


SO ORDERED, this 5 day of February 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE